O’SCANNLAIN, Circuit Judge,
specially concurring:
I join in the court’s decision because it faithfully applies our precedent in Khunaverdiants v. Mukasey, 548 F.3d 760, 765-66 (9th Cir.2008), which is an extension of Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir.2007) (per curiam), reh’g en banc denied sub nom. Ramadan v. Keisler, 504 F.3d 973 (9th Cir.2007), to conclude that the REAL ID Act of 2005 provides us with jurisdiction to review the IJ’s determination that Lin did not apply for asylum within one year of arriving in the United States. I continue to believe, however, that Ramadan was wrongly decided. Dhital v. Mukasey, 532 F.3d 1044, 1052-53 (9th Cir.2008) (per curiam) (O’Scannlain, J., specially concurring); Ramadan v. Keisler, 504 F.3d at 973-78 (O’Scannlain, J., dissenting from denial of rehearing en banc).
Ramadan holds that, for purposes of assessing our jurisdiction under the REAL ID Act, “questions of law” include “not only ‘pure’ issues of statutory interpretation, but also application of law to undisputed facts, sometimes referred to as mixed questions of law and fact.” Id. at 648. By now, nine other courts of appeals have rejected such view. Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 153-54 (2d Cir.2006); Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir.2006); Gomis v. Holder, 571 F.3d 353, 359 (4th Cir.2009); Zhu v. Gonzales, 493 F.3d 588, 596 n. 31 (5th Cir.2007); Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir.2006); Viracacha v. Mukasey, 518 F.3d 511, 515-16 (7th Cir.2008); Ignatova v. Gonzales, 430 F.3d 1209, 1214 (8th Cir.2005); Ferry v. Gonzales, 457 F.3d 1117, 1130 (10th Cir. 2006); Chacon-Botero v. U.S. Att’y Gen., 427 F.3d 954, 956-57 (11th Cir.2005) (per curiam).
Despite the unanimity of our sister circuits in rejecting Ramadan, we have extended it at least six times to other settings, including the “extraordinary circumstances” exception to the asylum application deadline, Husyev v. Mukasey, 528 F.3d 1172, 1178-79 (9th Cir.2008), the “reasonable period” filing require *1099 ment for the changed circumstances exception to the asylum application deadline, Taslimi v. Holder, 590 F.3d 981, 984-86 (9th Cir.2010), the “due diligence” requirement to reopen an immigration case, Ghahremani v. Gonzales, 498 F.3d 993, 998-99 (9th Cir.2007), the threshold requirements for special rule cancellation in the Nicaraguan Adjustment and Central American Relief Act, Barrios v. Holder, 581 F.3d 849, 857 (9th Cir.2009), the application of the definition of “terrorist organization” in the terrorist bar to asylum, Khan v. Holder, 584 F.3d 773, 779-80 (9th Cir.2009), and the determination of whether an alien applied for asylum within one year of arriving in the United States, Khunaverdiants, 548 F.3d at 765-66. On the other hand, we have refused to extend Ramadan to the “exceptional and extremely unusual hardship” inquiry for cancellation of removal. Mendez-Castro v. Mukasey, 552 F.3d 975, 980-81 (9th Cir.2009).
I continue to believe that we have seized jurisdiction over a multitude of petitions for review that Congress has placed beyond our reach through unambiguous statutory language. Khunaverdiants, the precedent that directly controls the outcome of this case, demonstrates how far we have strayed from the text of the INA. In Khunaverdiants, we extended Ramadan to determinations involving factual uncertainty, as long as the petitioner meets the statutory standard under any view of the facts. 548 F.3d at 766. In so doing, we have stuck our noses further into disputes in which Congress has forbidden us a role. Nevertheless, because Ramadan and Khunaverdiants are binding on me, I join the court’s decision.